**In re ESTATE OF William Merritt HUTCHINS, Deceased.**

No. 13–91–323–CV.

Court of Appeals of Texas, Corpus Christi.

March 26, 1992.

Rehearing Overruled May 14, 1992.

C.M. Henkel, III, Henkel, Hyden & Putnam, N.J. Welch, III, Thompson & Welch, Corpus Christi, for appellant.

Kathryn F. Green, Richard L. Leshin, Lance K. Bruun, Kleberg & Head, Scott L. Sherman, Wood, Boykin & Wolter, Corpus Christi, for appellee.

Before BISSETT,[1] J., NYE, C.J., and SEERDEN, J.

## OPINION

BISSETT, Justice (Assigned).

This is an appeal by writ of error to set aside the judgment of a probate court which admitted to probate the purported last will and testament of William Merritt Hutchins, who died on January 19, 1991. Two questions are presented for determination: First, whether this Court has jurisdiction of the appeal, second, if so, whether the will was executed in accordance with § 88(b)(1), (2) and § 59 of the Texas Probate Code [2] (Vernon 1980). We answer the first question in the affirmative and the second in the negative. We reverse the probate court's judgment.

## PROCEDURAL HISTORY

Mary Amelia Hutchins Tristman and Katherine Ann Hutchins Johnson, sisters of the purported testator William Merritt Hutchins "decedent," filed an application to probate the will of the decedent on January 21, 1991. The will was not self-proving. Citation was duly issued and served by posting.

A hearing on the application was conducted on February 5, 1991, and judgment was signed on the same day which admitted the will to probate. The applicants, who were named as joint executrices in the will, refused to qualify and the probate court appointed Ameritrust Texas, N.A., hereafter called "Ameritrust," to serve as successor independent executor of the will. Ameritrust qualified on February 27, 1991.

Nancy Josephine Hope Hutchins "Kilgore," the decedent's only child, and a named legatee in the will, filed a motion to set aside the order admitting the will to probate on March 21, 1991. She later took a non-suit, and the probate court, by order signed on April 11, 1991, dismissed her motion "without prejudice." She then filed a petition for writ of error in the probate court on April 23, 1991, alleging in relevant part:

In said Order Admitting Will to Probate and in the record and proceedings of said Court in the aforesaid case, numerous errors have occurred as is shown by said record.

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. Hereafter referred to as the "Code."

Petitioner desires to remove such Judgment for revision and correction to the Court of Appeals for the Thirteenth Supreme Judicial District of Texas at Corpus Christi, Nueces County, Texas.

## JURISDICTION

■ Ameritrust, the respondent, claims that this Court is without jurisdiction to decide the merits of this appeal because Kilgore, the petitioner, failed to first avail herself of the remedies provided by "Tex. Prob.Code, §§ 31 and/or 93." It argues that she "had the opportunity to lodge a direct attack at the hearing admitting the will to probate," and that "Once the will has been admitted to probate, the statutory scheme for directly attacking or contesting the validity of the Order (admitting the will to probate) is set forth exclusively in Tex. Prob.Code § 31 or § 93."[3]

A probate judgment, such as the one here in question, is binding on everyone until it is set aside by a direct attack. There are several alternate ways by which an interested person in the estate may make such attacks; one is by bill of review pursuant to § 31 of the Code; and another is by will contest as provided by § 93 of the Code. *Ladehoff v. Ladehoff,* 436 S.W.2d 334, 335–36 (Tex.1968). Additionally, a direct attack may be made under the provisions of Tex.R.App.P. 45, which provides in pertinent part:

> A party may appeal a final judgment to the court of appeals by petition for writ of error by complying with the requirements set forth below:
>
> (a) Filing Petition. The party desiring to sue out a writ of error shall file with the clerk of the court in which the judgment was rendered a written petition signed by him or by his attorney, and addressed to the clerk.

> (b) No Participating Party at Trial. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error.
>
> (c) Requisites of Petition. The petition shall state the names and residences of the parties adversely interested, shall describe the judgment with sufficient certainty to identify it and shall state that the appellant desires to remove the same to the court of appeals for revision and correction.

*Sales v. Passmore,* 786 S.W.2d 35, 36 (Tex. App.—El Paso 1990, writ dism'd by agreement); *Specia v. Specia,* 292 S.W.2d 818 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.).

In the case at bar, Kilgore elected to challenge the probate of decedent's will by writ of error. She is an "interested person" in the decedent's estate. *See* Tex. Prob.Code Ann. § 3(r) (Vernon 1980), and is entitled to challenge the probate of the will by writ of error. She did not participate either in person or by attorney in any of the probate proceedings up to and including the order probating the will of decedent and the appointment of Ameritrust successor independent executor. We conclude that Kilgore was not limited to a proceeding under the provisions of either § 31 or § 93 of the Code, as Ameritrust urges, and that we have jurisdiction of this appeal.

## POINTS OF ERROR

Kilgore contends in her first point of error that there was no evidence that "the testator at the time of executing the will, was at least eighteen years of age, or was or had been lawfully married, or was a member of the armed forces of the United States, or of the auxiliaries thereof, or the maritime service of the United States, and

---

**3.** Section 31 of the Code provides in relevant part:

> Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein ...

Section 93 of the Code provides in relevant part:

> After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward ...

was of sound mind." She claims in her second point of error that there was no evidence that "the testator executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will."

An applicant who seeks to probate a will that is neither holographic or self-proving, and to obtain issuance of letters testamentary, in addition to furnishing other proof which is not in dispute in the instant case, must also prove to the satisfaction of the court:

> (1) that the testator, at the time of executing the will, was at least eighteen years of age, or was or had been lawfully married, or was a member of the armed forces of the United States or of the auxiliaries thereof, or of the Maritime Service of the United States, and was of sound mind; and
>
> (2) that the testator executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will ...

*Id.* Code § 88(b)(1), (2).

Concerning the formalities and solemnities required for a will which is not self-proving or holographic, as is the case here, Code § 59 states in relevant part:

> Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two (2) or more credible witnesses above the age of fourteen (14) years who shall subscribe their names thereto in their own handwriting in the presence of the testator. ...

### THE EVIDENCE

■ In determining a "no evidence" question, an appellate court considers only that evidence and reasonable inferences therefrom that tend to support the findings of the trier of facts, disregarding all contrary evidence and inferences. *Best v. Ryan Auto Group, Inc.,* 786 S.W.2d 670, 671 (Tex.1990); *King v. Bauer,* 688 S.W.2d

845, 846 (Tex.1985). If more than a scintilla of evidence supports the findings, they must be upheld. *Garcia v. Insurance Co. of Pa.,* 751 S.W.2d 857, 858 (Tex.1988).

■ Generally speaking, a direct attack on a judgment by writ of error must 1) be brought within six months after the judgment was signed 2) by a party to the suit 3) who did not participate in the actual trial 4) and the error complained of must be apparent from the face of the record. *Brown v. McLennon County Children's Clinic,* 627 S.W.2d 390, 392 (Tex.1982); Tex.Civ.Prac. & Rem.Code Ann. § 51.013 (Vernon 1986); Tex.R.App.P. 45.

In deciding whether the petitioner for a writ of error has met the requirement that error "be apparent from the face of the record," the court "may consider all of the papers on file in the appeal, including the statement of facts." *DSC Fin. Corp. v. Moffit,* 815 S.W.2d 551 (Tex.1991).

■ A direct attack by writ of error on a judgment probating a will must comply with the first, third and fourth requirements set out in *Brown,* 627 S.W.2d at 392. However, there is no requirement that petitioner be a party to the suit; all that is required is that the petitioner be an "interested party" in the estate. *Specia,* 292 S.W.2d at 819. Kilgore met all of the requirements necessary to appeal by writ of error.

■ The Code requires that certain elements be proved to the satisfaction of the court prior to the admission of a will to probate and the issuance of letters testamentary or of administration. It is the duty of the court in a proceeding to probate a will to determine that the will being offered for probate meets the statutory requisites before admitting it to probate. *In re Estate of Rosborough,* 542 S.W.2d 685, page 688 (Tex.App.—Texarkana 1976, writ ref'd n.r.e.).

■ The will in question was dated "August 1954." It was signed by decedent. While no evidence shows the day in August when the decedent actually signed the will, and there is no direct evidence that he was

at least eighteen years of age when he executed the will, it is established by the evidence that the will was executed no later than the last day of August of 1954, and the evidence supports the inference that he was over the age of eighteen when he executed the will. Ms. Day Manley, a witness at the hearing on the application to probate the will, testified that the decedent was sixty-five years of age when he died on January 19, 1991. The probate court was authorized to infer from the testimony of the witness Manley that the decedent was at least eighteen years of age in August, 1954. Therefore, it was not necessary for the proponents of the will to present any evidence regarding the marital status of the decedent or his military activity.

■ It is settled law that the proponent of a will has the burden of proving, in order for the will to be admitted to probate, that the testator (testatrix) had testamentary capacity[4] on the date that the will was executed. *Seigler v. Seigler,* 391 S.W.2d 403, 404 (Tex.1965); *Lowery v. Saunders,* 666 S.W.2d 226, 232 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *Lipsey v. Lipsey,* 660 S.W.2d 149, 150 (Tex.App.—Waco 1983, no writ); *Rich v. Rich,* 615 S.W.2d 795, 796–797 (Tex.App.—Houston [1st Dist.] 1980, no writ). Testamentary capacity when the will is not self-proving, will not be presumed. *Chambers v. Chambers,* 542 S.W.2d 901, 907 (Tex.Civ.App.—Dallas 1976, no writ); *Pullen v. Russ,* 226 S.W.2d 876, 880 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.); *Navarro v. Garcia,* 172 S.W. 723, 724 (Tex.Civ.App.—San Antonio 1915, no writ).

■ There is no evidence that the decedent had testamentary capacity on the date that the will was executed.

The attestation clause, which appears immediately below the signature of the decedent (testator) reads:

The above and foregoing instrument was now here published as his last will and signed and subscribed by William Merritt Hutchins, the testator, in our presence, and we, J.B. Trimble and Charlotte John-son, being both over the age of twenty-one years, at his request, in his presence, and in the presence of each other, sign and subscribe our names thereto as attesting witnesses this day of August, 1954.

s/J.B. Trimble
s/Charlotte Johnson

In addition to calling Ms. Manley at the hearing to probate the will, the proponents also called Ms. Mary Erekson and Ms. Donna Trimble as witnesses. Each were shown the purported will of the decedent; they testified that they were acquainted with the signature of J.B. Trimble and that the will bore the signature of J.B. Trimble; Ms. Trimble further testified that J.B. Trimble is deceased. The three witnesses, Manley, Erekson and Donna Trimble were the only live witnesses who testified at the hearing. However, the transcript contains a sworn statement by Ms. Dolly H. Trimble, which was filed on February 5, 1991. It reads:

On this day Dolly H. Trimble ("Affiant") personally appeared in Open Court, and after being duly sworn, deposes and says that: I was personally acquainted with J.B. Trimble, who was a witness to the Will of William Merritt Hutchins, and was well acquainted with the signature of J.B. Trimble. The document dated August, 1954, now shown to me and which purports to be the Will of William Merritt Hutchins, bears the signature of J.B. Trimble as a witness to the Will. J.B. Trimble is now deceased and Charlotte Johnson is now deceased.

■ For a will to be admitted to probate, it must comply with *all* provisions set out in Section 59 of the Code, and if it is not executed in accordance with all of the prescribed formalities and solemnities it is of no force or effect. *Belgarde v. Carter,* 146 S.W. 964, 965 (Tex.Civ.App.—San Antonio 1912, writ ref'd).

No evidence was presented to the probate court at the hearing on the application to probate the will of decedent concerning the credibility or competence of J.B. Trim-

---

**4.** "Of sound mind." *See Chambers v. Chambers,* 542 S.W.2d at 906.

ble and Charlotte Johnson, the attesting witnesses.

 If none of the attesting witnesses are living on the date the will is offered for probate, the will may be proved by two witnesses to the handwriting of at least one of the subscribing witnesses. The proponents met that burden. The facts set out in the attestation clause are admissible as evidence, though rebuttable. *Nichols v. Rowan,* 422 S.W.2d 21, 23–24 (Tex.Civ. App.—San Antonio 1967, writ ref'd n.r.e.). Therefore, there is evidence [5] that the attesting witnesses were each above the age of fourteen when the will was executed, and that the witnesses subscribed their names thereto at the request of the decedent, in his presence, and in the presence of each other. There is also the statement in the attestation clause that the decedent signed the will in the presence of the attesting witnesses; that statement is also evidence of such fact.

Kilgore does not attack the will as being invalid in and of itself. She does not seek to annual the will after it has been probated because of a lack of testamentary capacity, or because the will was procured by fraud, duress, undue influence or for any other reason. This is not a will contest. It is only a proceeding [6] to set aside the probate of the will because the proponents of the will did not prove that the will had been executed in the manner required by the Code. The proponents still have the burden of proving that the decedent was of "sound mind" on the date he executed the will and that he executed it with the formalities and solemnities and under the circumstances required by law to make it a valid will.

We hold that the probate court reversibly erred in admitting the will to probate because there is no evidence that the decedent had testamentary capacity to execute the will in August, 1954, and there is no evidence that the attesting witnesses were credible on that date. Accordingly, we re-

verse the judgment of the probate court which admitted the will to probate, set aside such judgment, set aside the order appointing Ameritrust successor independent executor of the Estate of William Merritt Hutchins, Deceased, and remand the cause to the probate court for further proceedings consistent with this opinion.

---

5. The attestation clause states that both of the attesting witnesses are "over the age of twenty-one years."

6. To correct errors which have occurred "as is shown by the record," as authorized by Tex. R.App.P. 45.