**In the ESTATE OF Doris Nel Clark JONES, Deceased.**

No. 05–08–00431–CV.

Court of Appeals of Texas, Dallas.

May 7, 2009.

Ronna L. Hodges, Law Offices of Ronna L. Hodges, Quinlan, TX, for Appellant.

Peter Morgan, Greenville, TX, for Appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from the denial of an application to set aside an order admitting Doris Nel Clark Jones's will to probate as a muniment of title. In two issues, appellant Penny Tresa McMennamy asserts the trial court erred in determining that section 93 of the Texas Probate Code did not apply to her claims and that she did not allege or prove substantial error as required by section 31 of the probate code. In an additional issue, appellant contends the trial court abused its discretion in denying her oral motion to file an amendment to her application. We affirm the trial court's order for the reasons set forth below.

### I.

Jones executed a will on March 6, 2004. She died about six months later and her husband filed an application to probate her will as a muniment of title. On December 13, 2004, the trial court signed an order granting her husband's application. On November 29, 2006, appellant, Jones's daughter, filed an application to set aside the trial court's December 13 order. Appellant alleged certain real property devised in the will had "adeemed by sale, adverse possession and/or gift from decedent's estate before decedent's death." She also claimed the estate "owed unpaid debts, … based upon open account/s and/or constructive trust/s and/or unjust enrichment" at the time the trial court signed the order admitting the will to probate as a muniment of title.

Appellant's brother, Curtis McMennamy, Jr., filed a response to appellant's application objecting to any further proceedings in the case. On December 20, 2007, the trial court held a hearing on appellant's application. At the hearing, the trial court sought the statutory or other authority upon which appellant based her application to set aside the order admitting Jones's will to probate as a muniment of title. Appellant's counsel asserted the trial court lacked subject matter jurisdiction to render the December 13 order admitting the will to probate as a muniment of title because certain real property devised in the will was not part of the estate at the time Jones died. During the hearing, appellant also moved to amend her application to include a request that the trial court determine what property is or is not estate property. The trial court denied appellant's motion to amend and ultimately signed an order sustaining Curtis's objection to the proceedings and denying appellant's application. Among other things, the trial court's order stated section 93 of the Texas Probate Code did not apply to appellant's application because she did not challenge the validity of Jones's will and there were no allegations or proof of substantial error as required for an action under section 31 of the code. This appeal followed.

### II.

In her first issue, appellant asserts the trial court erred in concluding section 93

does not apply to her application because that section is not limited to actions contesting the validity of a will. We disagree.

■ Section 93 provides in relevant part as follows: "After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate...." Tex. Prob.Code Ann. § 93 (Vernon 2003). When construing a statute, we begin with the plain and common meaning of the statute's words. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex.2003). The plain language of section 93 indicates an attack on an order admitting a will to probate under this section necessarily involves a challenge to the validity of the underlying will. Grounds for contesting the validity of a will include failure to comply with statutory requirements, lack of testamentary capacity, undue influence, mistake, fraud or forgery, duress, and existence of an agreement not to probate. *Dickson v. Dickson*, 993 S.W.2d 735, 740 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Appellant has not challenged the validity of Jones's will in her application to set aside the trial court's order probating the will as a muniment of title. Instead, she alleges certain property devised in the will was not part of the estate when Jones died and asserts the estate owed unpaid debts. Because these allegations do not challenge the underlying validity of Jones's will, section 93 is inapplicable to appellant's application to set aside the trial court's December 13 order.

In reaching our conclusion, we necessarily reject appellant's argument that relies on *In re Estate of Blevins*, 202 S.W.3d 326 (Tex.App.-Tyler 2006, no pet.) and *In re Estate of Hutchins*, 829 S.W.2d 295 (Tex.App.-Corpus Christi 1992, writ denied) (per curiam). We find these cases inapposite for the following reasons. *Blevins*

addressed the narrow issue of whether children still had the right to contest the validity of their father's will under section 93 even though they were personally served with a copy of the initial application to probate the will. *Id.* at 329. The nature of the children's will contest is not described in *Blevins*. *Hutchins* was an appeal by writ of error to set aside the probate of the will on the grounds that the proponents of the will did not prove the will had been executed in the manner required by the Code. *Hutchins*, 829 S.W.2d at 300. Neither of these cases support appellant's position that section 93 can be used to attack an order admitting a will to probate absent a challenge to the validity of the underlying will. We resolve appellant's first issue against her.

■ In her second issue, appellant contends the trial court erred in concluding she did not allege or prove substantial error as required under section 31 of the code. Section 31 provides in relevant part:

> Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order or judgment rendered by the court ... revised and corrected on showing error therein....

Tex. Prob.Code Ann. § 31 (Vernon 2003). To be entitled to relief under the probate code's statutory bill of review, it is necessary to specifically allege and prove substantial error by the trial court. *McDonald v. Carroll*, 783 S.W.2d 286, 288 (Tex.App.-Dallas 1989, writ denied). Appellant argues that although substantial error must be alleged and proven, the error need not appear on the face of the record and may be proved at trial. She further contends that the trial court's ruling with respect to section 31 must be reversed because, by omitting these additional elements from its analysis, the trial

court necessarily failed to apply or analyze section 31 correctly.

By her application, appellant sought to set aside the trial court's order admitting Jones's will to probate as a muniment of title. To be entitled to such relief under section 31, she first had to allege the trial court committed substantial error in rendering the order. The trial court concluded appellant's application did not allege substantial error as required by section 31. Appellant does not directly challenge this aspect of the trial court's ruling.

Before appellant would be entitled to a trial under section 31, she must first allege substantial errors which, if proven, would justify the correction or revision of the trial court's December 13 order. Appellant has cited no case, and we have found none, that holds appellant's actual allegations, if proven, would constitute substantial error under section 31. In part, appellant alleges certain devised property adeemed before decedent's death. But a will speaks at the time of the testator's death and only the estate the testator then possessed passes under the terms of the will. *See Shriner's Hosp. for Crippled Children of Tex. v. Stahl*, 610 S.W.2d 147, 148 (Tex.1980). Appellant also claims the estate "owed unpaid debts." Section 89C of the probate code, however, authorizes a court to admit a will to probate as a muniment of title "for other reason" if it determines that there is no necessity for an administration. *See* TEX. PROB.CODE ANN. § 89C(a). The trial court specifically referred to section 89C in its order, and appellant has not shown error in the trial court's reliance on that section of the probate code. We resolve appellant's second issue against her.

■ In her third issue, appellant challenges the trial court's denial of her oral motion to amend her application during the December 20 hearing. During the hearing, the trial court noted that appellant's application did not appear to request a determination as to whether the real property in question was estate property. In response to the trial court's comment, appellant immediately moved to amend her application to include such a request. Opposing counsel objected to the proposed amendment and the trial court denied appellant's motion. Appellant now argues that, under rules 63 and 66 of the Texas Rules of Civil Procedure, the trial court had no discretion to deny her oral motion to amend unless (1) the opposing party presented evidence of either surprise or prejudice or (2) the amendment asserted a new cause of action or defense and was thus prejudicial on its face.

No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the error complained of probably caused rendition of an improper judgment or probably prevented appellant from properly presenting the case to the court of appeals. TEX.R.APP. P. 44.1(a). Under this issue, appellant complains about the trial court's failure to allow her to amend her application to include a request that the trial court determine whether certain property was or was not part of Jones's estate. Although appellant suggests such a determination was necessary to establish her entitlement to set aside the trial court's December 13 order, she provides no discussion, analysis, or legal authority in her brief to support her position. Moreover, there is nothing in the record before us to indicate the trial court denied appellant's application based on her failure to request such a determination. As noted above, the allegations in appellant's application did not warrant relief under either section 93 or 31 of the probate code. Appellant has not demonstrated how any error with respect to the trial court's ruling on her proposed amendment

affected the trial court's determination of the dispositive issues before it. Accordingly, appellant has not established any reversible error in connection with the trial court's denial of her oral motion to amend her application. We resolve appellant's third issue against her.

We affirm the trial court's judgment.