**AFFIRMED; Opinion Filed December 29, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00126-CV

## IN THE ESTATE OF ROBERT S. KAM, DECEASED

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. PR-15-2286-3**

# MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Fillmore

Appellant Carol Kam[1] appeals the probate court's denial of her statutory bill of review. *See* TEX. EST. CODE ANN. § 55.251 (West 2014).[2] Carol asserts the probate court should have granted her statutory bill of review because the court erred in the underlying litigation by finding a trust agreement was invalid; finding other documents associated with deceased Robert S. Kam's estate were valid, Robert possessed legal capacity to execute those documents, and execution of those documents was not the result of the exercise of undue influence over Robert; overruling Carol's objection to admission of evidence; finding Carol failed to plead or prove her will contest was brought in good faith; awarding attorney's fees; and permitting an associate

---

[1] Several individuals with the surname "Kam" are referred to in this opinion by their first names.

[2] Effective January 1, 2014, section 31 of the Texas Probate Code was recodified in substantially similar form as sections 55.251 and 55.252 of the Texas Estates Code. *See* Act of May 19, 2011, 82nd Leg., R.S., ch. 91, §§ 8.002 & 8.003, Tex. Gen. Laws 457, 457 (codified at TEX. EST. CODE ANN. §§ 55.251 & 55.252 (West 2014)); *Valdez v. Hollenbeck*, 465 S.W.3d 217, 221 n.1 (Tex. 2015). In this opinion, we apply the provision of section 55.251 of the estates code in effect on June 26, 2015, the date Carol filed her statutory bill of review. *See Valdez*, 465 S.W.3d at 221 n.1.

judge to preside over and rule on post-trial motions. We affirm the probate court judgment denying the statutory bill of review.

## Background

On July 14, 2011, Carol filed an "Application to Set Aside Order Probating Will, for Determination of Heirship, Suit for Declaratory Judgment, and Removal of Independent Executor" in *In the Estate of Robert S. Kam, Deceased*, PR-11-1368-3, Probate Court No. 3, Dallas County, Texas (the will contest).[3] In the will contest, Carol sought to set aside the order probating her brother Robert's will because he purportedly lacked requisite testamentary capacity to execute the will or the will was the result of undue influence; declarations that the February 15, 2011 "Robert S. Kam Trust" (the February Trust) was valid and enforceable, and the March 17, 2011 "Robert S. Kam Trust as Amended and Restated" (the Amended Trust) and the March 22, 2011 "Second Amendment to the Robert S. Kam Trust" (the Second Amendment) were void; and removal of David J. Kam as independent executor of Robert's estate.

The February Trust contained a specific provision indicating that Carol was to receive $10,000. There was no provision in the Amended Trust indicating Carol was to receive any sum of money. The Second Amendment added a paragraph to the Amended Trust whereby $10,000 was to be distributed to Carol if she survived Robert. The Amended Trust contains a no-contest clause revoking the benefits of any beneficiary under that trust who contested the validity of the trust or instituted any proceeding attempting to circumvent the provisions of the trust. The no-contest clause provides it does not apply when "a contest is brought and maintained in good faith, and probable cause exists for bringing the contest" and "the court in which a contest is brought shall determine if an action was brought and maintained in good faith and if probable cause existed." The no-contest clause further provides David, as trustee, "shall be reimbursed

_____

[3] Justin Kam was also a contestant bringing the will-contest proceeding. However, he is not a party to this appeal.

–2–

for the reasonable costs and expenses, including attorneys' fees, incurred in connection with the defense of any such contest."

The parties agreed to trial of the will contest before an associate judge. The presiding judge of the probate court signed a July 16, 2013 Order of Referral of the will contest to the associate judge of the probate courts of Dallas County, Texas, with no limitation on the powers or duties of the associate judge. Following a four-day trial of the will contest, the associate judge forwarded his July 25, 2013 "Ruling" to the parties, which provides:

1) [Carol] failed to meet [her] burden of proof on all counts and take[s] nothing;
2) [Carol's] request for Determination of Heirship is moot;
3) [Carol has] failed to plead and prove that the contest was brought and maintained with "probable cause" and "good faith";
4) The "no contest" or "forfeiture clause" in Decedent, [Robert's Amended Trust] shall operate against [Carol];
5) The purported [February Trust] is unenforceable;
6) All actions taken by [David] as Trustee and as an Executor were authorized by either statute, controlling document or the common law;
7) The contest by [Carol] was brought and maintained without probable cause and in bad faith;
8) Attorneys' fees are awarded to Respondents and charged against [Carol] as pled and according to the evidence presented in open Court.

A final judgment, signed by the associate judge on August 9, 2013, provides in part:

All parties expressly agreed on the record that [the associate judge] is authorized to decide all issues of fact and all issues of law, his judgment will be deemed the final judgment of the Probate Court Number Three, Dallas, [sic] County, Texas, and any appeal from his judgment will be taken directly to the Court of Appeals . . . .

. . .

IT IS ORDERED, ADJUDGED, AND DECREED that [Carol] failed to meet [her] burden of proof on all counts pleaded by [her] and accordingly [she] TAKE[S] NOTHING.

. . .

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that [Carol] failed to plead or to prove [her] contest of the [Amended Trust and the Second Amendment] was brought with "probable cause" or that it was brought and maintained in "good faith," while Respondents [David] and Robert S. Kam, Jr. both pleaded and proved that [Carol] brought and maintained the contest in bad

faith and without probable cause, and consequently the "No Contest" provisions of [the Amended Trust] shall operate against [Carol] and all benefits to which [she] or [her] descendants would otherwise be entitled are revoked and shall pass as if [Carol] and [her] descendants had predeceased the Settlor, [Robert].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the [February Trust] is unenforceable.

*See* TEX. GOV'T CODE ANN. § 54A.209(a)(17) (West 2013) (except as limited by an order of referral, an associate judge may sign a final order that includes a waiver of the right to a de novo hearing by the referring court). The final judgment further provides that David, as trustee of the Amended Trust, shall recover $198,400 for attorneys' fees and litigation expenses reasonably and necessarily incurred in responding to the contest of the Amended Trust and the Second Amendment and the declaratory judgment action.[4] The final judgment also awarded David, as trustee, appellate attorneys' fees and expenses if Carol unsuccessfully appealed the final judgment in this Court and if Carol unsuccessfully seeks review in the Texas Supreme Court. On October 16, 2013, the associate judge signed an order denying Carol's motion for new trial and alternative motion to modify the judgment in the will-contest proceeding (motion for new trial).[5]

On June 26, 2015, Carol filed a statutory bill of review in Probate Court No. 3, Dallas County, Texas. Concluding Carol's bill of review was without merit, the presiding judge of the probate court signed a final judgment on November 16, 2015, denying the bill of review. Carol filed this appeal of the denial of her statutory bill of review. Carol's issues on appeal are framed as follows:

[1] Did [the associate judge]'s finding of the [February Trust] being invalid constitute discretionary error?

---

[4] The final judgment awarded other amounts of attorneys' fees ($8,839 to heir and beneficiary Robert, Jr., for attorneys' fees and litigation expenses incurred in responding to the contest of the Amended Trust and the Second Amendment and the declaratory judgment action, and $19,003.88 to the attorney ad litem who represented Robert's minor grandchildren and nieces and Robert's unborn and unascertained grandchildren, nieces, and nephews). Carol does not argue on appeal that the probate court erred by awarding those sums.

[5] Carol's motion for new trial and alternative motion to modify the judgment are not in the appellate record.

[2] Based upon the facts of the language in [the Amended Trust, Second Amendment, Robert's will, and Robert's medical directive and medical power of attorney, statutory durable power of attorney, and do-not-resuscitate directive] which specifically relied upon the [February Trust] and that the [Amended Trust] was never funded, did [the associate judge]'s finding that [the Amended Trust, Second Amendment, Robert's will, and Robert's medical directive and medical power of attorney, statutory durable power of attorney, and do-not-resuscitate directive] were valid constitute reversible error?

[3] Did [the associate judge]'s finding that [Robert] possessed the requisite legal capacity on March 17th, 2011 *and* March 22nd, 2011, to execute the [Amended Trust, Second Amendment, Robert's will, and Robert's medical directive and medical power of attorney, statutory durable power of attorney, and do-not-resuscitate directive] constitute reversible error?

[4] Did [the associate judge]'s finding that [the Amended Trust, Second Amendment, Robert's will, and Robert's medical directive and medical power of attorney, statutory durable power of attorney, and do-not-resuscitate order] were valid; [sic] and his inherently related finding of no undue influence constitute reversible error?

[5] Did [the associate judge]'s overruling of [Carol]'s objection to the admission into evidence of the incomplete [do-not-resuscitate directive] by [David]'s counsel, and [David]'s attempts to rely on the [do-not-resuscitate directive] to establish that [Robert] possessed the requisite legal capacity on March 17th, 2011, constitute reversible error?

[6] Did [the associate judge]'s finding of bad faith against [Carol] and award for attorneys' fees of $198,400.00, constitute reversible error?

[7] Did [the associate judge]'s award against [Carol] for $198,400.00 attorneys' fees constitute reversible error?

[8] Did [the associate judge] exceed his legal and jurisdictional authority by presiding over and attempting to issue findings and rulings on post-trial hearings and motions and thereby constitute reversible error?

[9] Did [the presiding judge of the probate court] [a]bdicate without authorization, his jurisdictional authority to [the associate judge] in the post-[t]rial environment and thereby constitute reversible error?

### Standard of Review and Applicable Law

"A bill of review is brought as a direct attack on a judgment that is no longer appealable

or subject to a motion for new trial." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex.

–5–

2010).  In general, there are two types of bills of review: equitable and statutory.  *See Valdez v. Hollenbeck,* 465 S.W.3d 217, 226 (Tex. 2015).  Equitable bills of review may apply to a variety of forms of action, but statutory bills of review are rarer, and are authorized primarily in probate and guardianship contexts.  *Id*.

Carol filed a statutory bill of review in the probate court pursuant to section 55.251 of the estates code, which provides:

> (a)  An interested person may, by a bill of review filed in the court in which the probate proceedings were held, have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment, as applicable.
>
> (b)  A bill of review to revise and correct an order or judgment may not be filed more than two years after the date of the order or judgment, as applicable.

TEX. EST. CODE ANN. § 55.251.[6]

Courts do not look on bills of review with favor, *Law v. Law*, 792 S.W.2d 150, 153 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (citing *Crouch v. McGaw*, 138 S.W.2d 94, 96 (Tex. 1940)), and the grounds on which they are granted are narrow and restricted.  *Bakali v. Bakali*, 830 S.W.2d 251, 255 (Tex. App.—Dallas 1992, no writ); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (grounds upon which bill of review can be obtained are narrow because procedure conflicts with fundamental policy that judgments must become final at some point).  The burden on a petitioner seeking a bill of review is heavy because it is fundamentally important that judgments be accorded some finality.  *See Layton v. Nationsbanc Mortg. Corp.*, 141 S.W.3d 760, 763 (Tex. App.—Corpus Christi 2004, no pet.) (bills of review are scrutinized by courts with "extreme jealousy, and grounds on which interference will be

---

[6] Prior to recodification in sections 55.251 and 55.252 of the estates code, section 31 of the probate code provided:

> Any person interested may, by a bill of review filed in the court in which the probate proceedings were made, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order, or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment.

TEX. PROB. CODE ANN. § 31 (West 2012) (recodified at TEX. EST. CODE ANN. §§ 55.251 & 55.252); *Valdez*, 465 S.W.3d at 226..

allowed are narrow and restricted") (quoting *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)). In a statutory bill of review proceeding, the movant must show a "substantial error" in a prior decision, order, or judgment. *Valdez*, 465 S.W.3d at 226–27; *In re Estate of Jones*, 286 S.W.3d 98, 100 (Tex. App.—Dallas 2009, no pet.) (to be entitled to relief by statutory bill of review of probate court's order or judgment, party must specifically allege and prove substantial error by trial court). The substantial error giving rise to a statutory bill of review "need not have appeared on the face of the record and the movant may prove the error at trial by a preponderance of the evidence." *Ablon v. Campbell*, 457 S.W.3d 604, 609 (Tex. App.—Dallas 2015, pet. denied).

We review the grant or denial of a statutory bill of review under an abuse of discretion standard. *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.—Dallas 2008, pet. denied). We indulge every presumption in favor of the court's ruling. *See Xiaodong Li v. DDX Grp. Inv., LLC*, 404 S.W.3d 58, 62 (Tex. App.—Houston [1st Dist.] 2013, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to guiding rules and principles. *Id*.

**Statutory Bill of Review**

In her statutory bill of review, Carol asserted that "[s]ubstantial testimony and evidence was elicited" during the will contest regarding Robert's "legal mental capacity (or lack thereof)" on the dates he executed the Amended Trust and the Second Amendment, and "the determination that [Robert] possessed Capacity on [the dates he executed the Amended Trust and the Second Amendment] constituted foundational findings which were . . . not supported by the facts, evidence, record and testimony at trial and constituted a critical element upon which [the associate judge] based his ultimate rulings." In her first seven issues on appeal, Carol asserts the associate judge erred in the will-contest proceeding by finding the February Trust was invalid;

finding the Amended Trust, the Second Amendment, and other documents Robert executed after the February Trust were valid, Robert possessed legal capacity to execute those documents, and Robert's execution of those documents was not the result of the exercise of undue influence over him; overruling Carol's objection to admission of an incomplete do-not-resuscitate directive into evidence; and finding Carol's will contest was brought in bad faith and awarding David $198,400 in attorney's fees.

On appeal, appellee David, individually, as independent executor of Robert's estate, and as trustee of the Amended Trust, argues Carol cannot carry her burden of establishing the probate court abused its discretion by denying her statutory bill of review because (1) she did not offer any evidence, and the probate court did not admit any evidence, in the bill-of-review proceeding; (2) she did not request the probate court in the bill-of-review proceeding to take judicial notice of any fact relating to the underlying will-contest proceeding and the probate court did not indicate it was taking judicial notice of any fact; (3) she did not object to the probate court failing to admit evidence or take judicial notice of any fact; (4) and she did not "present in any manner" the entire reporter's record of the will contest in the bill of review proceeding. We begin by addressing this argument by David because it is dispositive on the merits of Carol's first seven issues on appeal.

To prevail on her statutory bill of review in the probate court, Carol was required to specifically allege and prove substantial error in the will contest judgment, *see Estate of Jones*, 286 S.W.3d at 100, and she had the burden to furnish this Court with a record supporting her allegations of error by the probate court in denying her statutory bill of review. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) (burden is on appellant to present sufficient record to show error requiring reversal); *In re Guardianship of Winn*, 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.).

Carol attached many pages of documents to her statutory bill of review which included relatively small portions of the reporter's record of the four-day trial of the will contest. Of the documents attached to Carol's statutory bill of review, it is unclear which of those items may have been admitted as evidence in the trial of the will contest. During the bill-of-review proceeding, Carol did not offer any evidence; accordingly, she failed to introduce into evidence the documents attached to her statutory bill of review. Even after David's counsel pointed out that Carol had not offered any evidence and no evidence had been admitted by the probate court, Carol did not offer evidence or ask the probate court to take judicial notice of its file in the underlying will-contest case,[7] and the probate court did not state it was taking judicial notice of its file. *See In the Interest of C.L.*, 304 S.W.3d 512, 517 (Tex. App.—Waco 2009, no pet.) (holding trial court did not take judicial notice of prior orders in its file where it was not requested to take judicial notice of them, trial court did not announce in open court it was taking judicial notice of them, and trial court did not recite in decree that it had taken judicial notice). Although the probate judge stated at the end of the bill of review proceeding that she had been provided notebooks by Carol's and David's counsel, there is no indication in the record of the contents of the notebook Carol's counsel provided the probate judge and neither notebook is contained in the record on appeal.

Without a reporter's record of the trial of the will-contest proceeding, including the evidence admitted at the trial, we must presume the evidence supports the judgment on the will contest. *See In re Guardianship of Winn*, 372 S.W.3d at 298; *see also Willms v. Ams. Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) (without a reporter's record, appellate court cannot review a trial court's order for an abuse of discretion); *Sandoval v.*

---

[7] We note the appellate record does not even contain a copy of Carol's "Application to Set Aside Order Probating Will, for Determination of Heirship, Suit for Declaratory Judgment, and Removal of Independent Executor," the bases of her allegations in the will-contest proceeding.

*Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (presuming omitted evidence supported trial court's sanction decision when party failed to bring reporter's record of sanction hearing).[8]

In an apparent effort to circumvent her failure to have evidence properly admitted by the trial court in the statutory bill-of-review proceeding, Carol asks this Court in her reply brief to take judicial notice of the "docket and contents of the file" of the underlying will contest case. The appellate record generally consists of the clerk's record and reporter's record. TEX. R. APP. P. 34.1 (appellate record consists of the clerk's record and the reporter's record if the latter is necessary to the appeal).[9] An appellate court, "in reviewing the proceedings in the trial court, is limited to the record that is before it on appeal and may take judicial notice only of: 1) facts that could have been properly judicially noticed by the trial judge; 2) facts that are necessary to determine whether the appellate court has jurisdiction of the appeal; and 3) whether the appellant has taken the proper steps to have the record timely and properly filed." *Centex Corp. v. Dalton*, 810 S.W.2d 812, 824 (Tex. App.—San Antonio 1991) (op. on reh'g) (citing 1 R. Ray, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 185 (Texas Practice, 3d ed. 1980, Supp. 1990)), *rev'd on other grounds*, 840 S.W.2d 952 (Tex. 1992). Appellate courts are reluctant to take judicial notice of matters which go to the merits of a dispute. *SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ). Here, Carol asks this Court to take judicial notice of documents that go to the merits of the dispute by accessing the probate court's website and determining which documents filed in the probate court were germane to the will contest. To do so would transform this Court from one of appellate jurisdiction to one of original

---

[8] *See also Russell v. City of Dallas*, No. 05-13-00061-CV, 2014 WL 2090010, at *2 (Tex. App.—Dallas May 16, 2014, pet. denied) (mem. op.) ("Because we have neither the reporter's record of the bench trial nor findings of fact and conclusions of law from the trial court, we must presume the evidence supports the trial court's judgment.").

[9] *See Lyons v. Polymathic Props., Inc.*, No. 05-15-00408-CV, 2016 WL 3564210, at *1 (Tex. App.—Dallas June 29, 2016, no pet.) (mem. op.) (appellate record generally consists of both the clerk's record and the reporter's record).

jurisdiction. *See id*.[10] Moreover, even if a complete clerk's record of the underlying will-contest case was before the probate court in the statutory bill-of-review proceeding and before this Court on appeal, that would provide no information as to the testimony and evidence admitted at the trial of the will contest.

On this record, we conclude the probate court could reasonably have concluded Carol did not carry her burden to establish substantial error in the will contest judgment. *See Valdez*, 465 S.W.3d at 226–27. Accordingly, we conclude the probate court did not abuse its discretion by denying Carol's statutory bill of review.[11] We resolve Carol's first, second, third, fourth, fifth, sixth, and seventh issues against her.

**Motion for New Trial of Will Contest**

In her eighth and ninth issues on appeal of the denial of her statutory bill of review, Carol asserts the associate judge who presided over the will contest exceeded his "legal and jurisdictional" authority by presiding over and ruling on her motion for new trial, and the presiding judge of the probate court "abdicated" his jurisdictional authority by permitting the associate judge to preside over and rule upon her motion for new trial and alternative motion to modify the judgment in the will-contest case.

The presiding judge of the probate court signed a July 16, 2013 Order of Referral of the trial of the will contest to the associate judge of the probate courts of Dallas County, Texas, with no limitation on the power or duties of the associate judge. *See* TEX. GOV'T CODE ANN. § 54A.207 (West 2013) (judge of court may refer to associate judge any aspect of suit over

---

[10] *See also Young v. Trails End Homeowners Ass'n Inc.*, No. 03-14-00535-CV, 2016 WL 462705, at *4 n.6 (Tex. App.—Austin Feb. 2, 2016, no pet.) (mem. op.) (appellant asked appellate court to take judicial notice of various facts and documents not admitted into evidence at trial, in essence seeking judicial notice from appellate court of documents that purported to establish his chain of title to real property—the merits of appellant's dispute; appellate courts are reluctant to take judicial notice of matters which go to merits of a dispute); *see also Thornton v. Cash*, No. 14-11-01092-CV, 2013 WL 1683650, at *14 (Tex. App.—Houston [14th Dist.] Apr. 18, 2013, no pet.) (mem. op.) (declining to take judicial notice of documents attached to appellate brief and noting that appellate review is limited to consideration of material before trial court).

[11] *See Weast v. Office of the Attorney Gen.*, No. 02-12-00488-CV, 2014 WL 7204553, at *2 (Tex. App.—Fort Worth Dec. 18, 2014, no pet.) (mem. op.) (trial court reasonably could have concluded appellant did not carry his burden in equitable bill of review and held trial court did not abuse its discretion by denying bill of review).

–11–

which probate court has jurisdiction, including any matter ancillary to suit; unless party files written objection to associate judge hearing trial on merits, judge may refer trial to associate judge; trial on merits is "any final adjudication from which an appeal may be taken to a court of appeals"); *id.* § 54A.208 (West 2013) (case may be referred to associate judge by order of referral in specific case; order of referral may limit power or duties of associate judge).

Although the complete reporter's record of the will-contest case is not in the appellate record, attached to Carol's statutory bill of review is a portion of the transcript of the first day of trial of the will contest. There, the associate judge informed the parties he was sitting as an associate judge and referenced the parties' agreement to waive their right to a de novo hearing before the elected judge of the court. That partial transcript includes the associate judge's inquiry regarding waiver of a de novo hearing by the presiding judge of the probate court and Carol's counsel's affirmation of waiver of a de novo hearing:

> [Associate Judge]: I am the Associate Judge for the probate courts of Dallas County. It is my understanding that all parties to this proceeding have agreed to try this case before me, to waive the right to appeal to the elected judge of the court, to appeal any decision from my court directly to the Court of Appeals; is that correct?
>
> [Carol's counsel]: Yes, Your Honor.

*See* TEX. GOV'T CODE ANN. § 54A.213 (West 2013) (before start of hearing by associate judge, party may waive right to de novo hearing before referring court in writing or on record).

Carol's motion for new trial is not included in the appellate record. Although the complete reporter's record of the October 16, 2013 hearing on Carol's motion for new trial is not in the appellate record, in the attachments to her statutory bill of review, Carol included a portion of the reporter's record of that hearing before the associate judge. In that proceeding, after the announcements of counsel and the parties they represented, the associate judge stated:

> Ladies and gentlemen, this case was referred to me, John Peyton, the associate judge for the probate courts of Dallas County for trial. It was tried by the

agreement of the parties. The court is of the opinion that that agreement extends to post judgment matters.

The appellate record reveals no oral or written objection by Carol to the associate judge presiding over her post-judgment motion for new trial or to a witness's motion to quash a deposition heard immediately before Carol's motion for new trial.[12] On October 16, 2013, the associate judge signed an order denying Carol's motion for new trial.

Subject matter jurisdiction refers to the power of a court to hear a particular type of suit. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996) (orig. proceeding); *In re Marriage of J.B. and H.B.*, 326 S.W.3d 654, 663 (Tex. App.—Dallas 2010, pet. dism'd). Carol does not contest the probate court's subject matter jurisdiction over the matters decided in her will contest: an application to set aside an order probating a will, a determination of heirship, and removal of an independent executor. The presiding judge of the probate court signed an order of referral of the will contest to an associate judge. *See* TEX. GOV'T CODE ANN. §§ 54A.207(a) & 54A.208. The referral of the will contest conferred authority on the associate judge to conduct a trial on the merits and make a "final adjudication from which an appeal may be taken to a court of appeals." *See id*. § 54A.207(b). We conclude the associate judge did not exceed his "legal and jurisdictional" authority by presiding over and ruling on Carol's motion for new trial that was ancillary to the will-contest case referred to him by the probate court. We resolve Carol's eighth issue against her.

Carol also asserts the probate court "abdicated" its jurisdictional authority by permitting the associate judge to preside over and rule upon her motion for new trial and alternative motion to modify the judgment in the will-contest case. The probate court referred the trial on the merits

---

[12] Carol states in a footnote of her Statutory Bill of Review that the associate judge presided over and ruled upon her motion for new trial "over [her] objections as discussed herein." However, her statutory bill of review does not set out any specific objections she raised to the associate judge presiding over her motion for new trial.

of the will contest to the associate judge pursuant to sections 54A.207 and 54A.208 of the government code, an assignment not objected to by Carol. *See* TEX. GOV'T CODE ANN. §§ 54A.207(a) & 54A.208. Resolution of Carol's motion for new trial was ancillary to the will contest referred to the associate judge by the probate court, and Carol has provided no authority to support her contention that the associate judge could not hear and determine a part of the case he was assigned. We conclude that the presiding judge's referral of the trial on the merits of the will contest to the associate judge, which included within its scope Carol's ancillary motion for new trial, was not an "abdication" of the probate court's jurisdictional authority. We resolve Carol's ninth issue against her.

## Conclusion

Having resolved Carol's issues against her, we affirm the judgment denying her statutory bill of review.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

160126F.P05

−14−



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF ROBERT S. KAM, DECEASED

No. 05-16-00126-CV

On Appeal from the Probate Court No. 3, Dallas County, Texas,
Trial Court Cause No. PR-15-2286-3.
Opinion delivered by Justice Fillmore, Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee David J. Kam, Individually, as Independent Executor of the Estate of Robert S. Kam, Deceased, and as Trustee of the Robert S. Kam Trust, recover his costs of this appeal from appellant Carol Kam.

Judgment entered this 29th day of December, 2016.