

# NUMBER 13-21-00233-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE ESTATE OF RENE RAMOS, DECEASED.

### On appeal from the County Court at Law No. 1
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Yvonne Vela challenges the dismissal of her petition for bill of review

seeking to set aside an heirship order which "omitted her as the surviving spouse of" Rene

Ramos.[1] Vela contends that dismissing her petition for statutory bill of review for lack of

---

[1] In a separate proceeding, under appellate cause number 13-20-00424-CV, Vela challenged the granting of summary judgment in favor of appellees Grayson Michael Salas and Timothy Lange and the denial of her cross-motion for summary judgment, which ultimately concluded that she was not the surviving spouse of Rene Ramos. On this same day, this Court affirmed the judgment in cause number 13-20-00424-CV, having determined that Vela is not Rene's surviving spouse. *See Vela v. Salas*, No. 13-20-00424-CV, 2022 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg July 28, 2022, no pet. h.).

jurisdiction was error. We affirm.

## I. BACKGROUND

Vela was married to Rene Ramos[2] on May 16, 2015. In June of 2018, Vela moved out of their marital home and subsequently filed for divorce in the 148th District Court (Divorce Court) on July 2, 2018. On March 15, 2019, a final hearing was held in the divorce proceeding. During the hearing, an agreed division of property was read into the record and Vela and Rene testified that they were requesting a divorce consistent with the agreement. The Divorce Court stated: "All right. The divorce will be granted today. If somebody will reduce it to writing, I'll be glad to sign it for you." Vela's counsel agreed to prepare the decree for the Divorce Court.

On April 6, 2019, Rene was involved in a motor vehicle accident. He succumbed to his injuries and passed away on April 7, 2019. On April 18, 2019, Rene's divorce counsel submitted a proposed final divorce decree to the Divorce Court. On April 25, 2019, Vela's divorce counsel also filed a proposed final divorce decree. A hearing was held on May 7, 2019, and on May 15, 2019, the Divorce Court signed the final decree of divorce.

On May 20, 2019, Rene's daughters, appellees Selina Ramos and Emily Ramos, filed an application for declaration of heirship in County Court at Law Number 1 (Probate Court). Appellees' application listed Rene as "unmarried" at the time of his death. On July 19, 2019, an order (the heirship order) was subsequently signed by the Probate Court identifying Selina, Emily, and appellee Rene Ramos Jr. (collectively, Ramos Children) as

---

[2] Because numerous parties share the Ramos surname, we refer to those individuals by their first names throughout this memorandum opinion to avoid confusion.

2

Rene's sole heirs.

In April 2020, Vela intervened in the Ramos Children's wrongful death suit claiming to be Rene's surviving spouse. In September 2020, the County Court at Law Number 3 (Trial Court) granted summary judgment against Vela, finding that she was not the surviving spouse of Rene. Subsequently, in October 2020, Vela filed her bill of review action in the Probate Court seeking to set aside the heirship order and asserting, as she did in the Trial Court, that she and Rene were married at the time of his death and that the divorce decree was of no effect, having been signed after Rene's death. The Ramos Children filed a plea to the jurisdiction, arguing that the Probate Court lacked jurisdiction to hear Vela's bill of review because Vela was ultimately seeking to overturn the divorce decree entered by the Divorce Court. After a hearing, the Probate Court granted the Ramos Children's plea to the jurisdiction, concluding that it lacked "jurisdiction to adjudicate the subject matter of [Vela's] action via statutory bill of review." This appeal ensued.

## II. DISCUSSION

In her sole issue, Vela contends that the trial court erred in dismissing her statutory petition for bill of review by determining it lacked jurisdiction to consider the merits of her filing. In their plea to the jurisdiction, and on appeal, the Ramos Children contend that Vela's bill of review is actually a collateral attack on the divorce decree, and the Probate Court lacked jurisdiction to set aside the Divorce Court's final decree of divorce.

The purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34

3

S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *City of Houston v. Williams*, 353 S.W.3d 128, 133 (Tex. 2011). We first look to the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id.* The allegations found in the pleadings may affirmatively demonstrate or negate the court's jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). If the pleadings do neither, it is an issue of pleading sufficiency, and the plaintiff should be given an opportunity to amend the pleadings. *Id.*

## A. Jurisdiction Over Bill of Review

The jurisdiction of all Texas courts derives from the Texas Constitution and state statutes. *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 459–60 (Tex. 2011). Absent an express constitutional or statutory grant, a court lacks jurisdiction to decide any case. *Id.* Generally, a trial court may correct or revise its judgment only during the period of its plenary power, which is within thirty days after the judgment is signed unless a motion extending the trial court's plenary power has been filed. TEX. R. CIV. P. 329b(d). If no party to a judgment files a motion extending the trial court's plenary power, the trial court loses subject matter jurisdiction thirty days after the judgment is signed and thereafter has no power to set aside a judgment. *See id.* R. 329b(f). "A bill of review is an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d

93, 96 (Tex. 2004) (per curiam). Section 55.251 of the Texas Estates Code states:

> (a) An interested person may, by a bill of review filed in the court in which the probate proceedings were held, have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment, as applicable.

> (b) A bill of review to revise and correct an order or judgment may not be filed more than two years after the date of the order or judgment, as applicable.

TEX. EST. CODE ANN. § 55.251.

Courts have long recognized bills of review rooted in general principles of equity or as prescribed by the Legislature, but courts do not readily grant them "[b]ecause it is fundamentally important in the administration of justice that some finality be accorded to judgments." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015) (alteration in original) (quoting *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)); *see Crouch v. McGaw*, 138 S.W.2d 94, 96 (Tex. 1940) ("noting that a bill of review requires 'something more than injustice'"). As a result, a bill of review requires a showing of substantial error in a prior decision, order, or judgment. *See Valdez*, 465 S.W.3d at 226–27; *Estate of Jones*, 286 S.W.3d 98, 100 (Tex. App.—Dallas 2009, no pet.) ("To be entitled to relief under the probate code's statutory bill of review, it is necessary to specifically allege and prove substantial error by the trial court."); *see also Estate of Tillotson*, No. 06-21-00073-CV, 2022 WL 1414509, at *5 (Tex. App.—Texarkana May 5, 2022, no pet. h.) (mem. op.).

Courts do not look on bills of review with favor. *Law v. Law*, 792 S.W.2d 150, 153 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (citing *Crouch*, 138 S.W.2d at 96). The burden on a petitioner seeking a bill of review is heavy because it is fundamentally important that judgments be accorded some finality. *Layton v. Nationsbanc Mortg. Corp.*,

141 S.W.3d 760, 763 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) ("[B]ills of review . . . are scrutinized by the courts 'with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'" (quoting *Alexander*, 226 S.W.2d at 998)).

The denial of a statutory bill of review is reviewed under an abuse-of-discretion standard. *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.—Dallas 2008, pet. denied). We indulge every presumption in favor of the court's ruling. *See Xiaodong Li v. DDX Grp. Inv., LLC*, 404 S.W.3d 58, 62 (Tex. App.—Houston [1st Dist.] 2013, no pet.). The substantial error giving rise to a statutory bill of review "need not have appeared on the face of the record and the movant may prove the error at trial by a preponderance of the evidence." *Ablon v. Campbell*, 457 S.W.3d 604, 609 (Tex. App.—Dallas 2015, pet. denied).

In her petition for bill of review, Vela sought to have the Probate Court set aside its order determining heirship and requested she be included as Rene's surviving spouse in a new order declaring heirship. Much of Vela's petition focused on her contention that the Probate Court relied upon the allegedly invalid divorce decree, which she argues did not affect her surviving spouse status because it was rendered after Rene's death. Because she argues the Divorce Court improperly rendered judgment, she contends she was improperly omitted from the order determining Rene's heirs. We have already determined this issue in a companion case handed down on this same date. *See Vela v. Salas*, No. 13-20-00424-CV, 2022 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg July 28, 2022, no pet. h.). Accordingly, having determined that Vela is not the surviving spouse of

6

Rene, this Court finds that the Probate Court did not err in denying Vela's petition for bill of review as Vela did not meet her burden to show substantial error in the Probate Court's order. *See id.* at *__.[3]

### III. CONCLUSION

The judgment of the Probate Court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed on the
28th day of July, 2022.

---

[3] Because our holding in *Vela* is dispositive of the matter at issue in this appeal, we need not address the jurisdictional issue raised in this appeal. *See* 2022 WL _____, at *__; TEX. R. APP. P. 47.1.