COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

IN THE MATTER OF                            No. 08-16-00034-CV

§

THE ESTATE OF                               Appeal from the

§

JOSE LIDIO ROMO, DECEASED.               Probate Court No. 1

§

                                                 of El Paso County, Texas

§

                                                 (TC#2009-P00624)

§

## **O P I N I O N**

During the testimony of the first witness in a bench trial to set aside one of two wills executed by Jose Lidio Romo, the probate court heard evidence that the will sought to be set aside did not comport with the statutory requirements for a valid will. Without hearing further testimony from other available witnesses, the trial court granted judgment to the party contesting the will, Alma Luisa Romo Castillo, and entered an order setting aside the will on the ground it was "void" and "of no cause and effect[.]" Louise Merhy Elizabeth Torres, the proponent of the will, appeals. Finding no error, we affirm.

### BACKGROUND

Jose Lidio Romo executed a will on May 1, 2001 (the 2001 Will), in which he named his brother, Lorenzo, both beneficiary and executor of his estate. Jose Romo died on April 10, 2009.

On June 23, 2009, Lorenzo filed an application to probate Romo's 2001 will. Lorenzo was later found unqualified to serve as independent administrator, and his daughter, Appellee Alma Luisa Castillo, was designated as successor administrator.

Approximately nine months later, on March 17, 2010, Lorena Ibarra, the guardian of Appellant Louise Merhy Elizabeth Torres, filed an application to probate as a muniment of title another will executed by Jose Lidio Romo on June 19, 2006 (the 2006 Will). This 2006 Will named Romo's "friend" Louise Merhy Elizabeth Torres as sole beneficiary of the Romo estate, and named Lorena Ibarra as a substitute trustee and executor. The probate court issued an order admitting the 2006 Will to probate as a muniment of title on June 2, 2010.

The witness attestation page of the 2006 Will does not bear the signatures of the two required witnesses, but rather contains only the typed names of Regina Giner and Maria Frausto and their addresses. The self-proving affidavit that follows, however, bears the signatures of Jose Lidio Romo, Maria Frausto, and Regina Giner, as witnessed by notary public Oralia D. Lopez.

On April 12, 2011, Lorenzo filed an application contesting and seeking to set aside the 2006 Will. Lorenzo's application was filed pursuant to Section 93 of the Texas Probate Code, now Section 256.204 of the Texas Estates Code, which provides for the contest of probated wills.[1] *See* TEX. EST. CODE ANN. § 256.204 (West 2014). Lorenzo alleged that the 2006 Will "was attained under testamentary incapacity or undue influence." Lorenzo's application noted that he was contesting the 2006 Will "based on Section 93 of the Texas Probate Code which allows for any interested person to bring suit to contest the validity thereof within two years after such will shall have been admitted to probate." The probate court consolidated the two probate cases.

---

[1] The Texas Estates Code became effective on January 1, 2014. Acts 2009, 81st Leg., ch. 680, § 1, eff. Jan. 1, 2014. We will refer to the current provisions of the Texas Estates Code, which supplanted the Texas Probate Code.

2

A bench trial on the contest to set aside the 2006 Will was held on June 3, 2013.[2] Counsel for Torres informed the court that the case involved only "the issue of capacity and undue influence" and that he did not believe there was "any issue that the [2006] will was executed with the formalities and solemnities and under the circumstances required by law to make it a valid will[.]" Counsel also informed the court that he believed Torres had the burden to show Romo had the capacity to execute the 2006 Will and that he would "like to go first on the issue of capacity." The trial court allowed Torres to proceed first on the issue of Romo's capacity to execute the 2006 Will. Before proceeding, Torres' counsel informed the court he had eight witnesses to present.

Torres then called as her first witness Oralia Duran Lopez, the notary public who notarized the execution of the signatures on the 2006 Will. Lopez testified that she did not read the 2006 Will but had only notarized Romo's signature. She explained that Romo "only took the last page" of the 2006 Will "where he was going to sign," and that she did not witness Romo initial any other pages of the 2006 will.

Lopez further testified that Romo had appeared by himself and that no one else was present with Romo when he signed the document. Lopez did not specifically remember the witnesses to the 2006 Will, but agreed that both Maria Frausto and Regina Giner were registered in her notary-public book indicating that she had seen them on June 19, 2006. She later recalled,

---

[2] A bench trial on the contest initially began on June 20, 2012. Alma Luisa Castillo appeared and testified that Jose Lidio Romo, her uncle, had at some point developed Alzheimer's and that the proponents of the 2006 Will had taken advantage and used undue influence to secure his execution of the 2006 Will. Romo's sister-in-law also testified that Romo has suffered from Alzheimer's. Neither Lorena Ibarra nor Louise Merhy Elizabeth Torres appeared at this hearing. Rather, their former attorney appeared briefly to announce to the court that he no longer represented them. At the conclusion of the hearing, the judge did not issue a ruling but instead requested that additional evidence be provided substantiating the diagnosis of Alzheimer's and its onset. On January 24, 2013, the probate court entered an order granting the contest. Subsequently, however, the court ruled it was going to rehear the case because a new attorney for Torres had entered an appearance before she had signed the order granting the contest.

however, that Frausto "went after," and that Frausto and Giner "went separate." Lopez testified that Giner "was there separate" and Romo was not present when she "showed up," that Frausto also went "afterwards," and that Giner was not present with either Frausto or Romo.

Castillo moved for "directed verdict" on the ground that Lopez had testified that neither witness was present when Romo signed the 2006 Will making the will "invalid on its face." Castillo also argued the 2006 Will was invalid because neither Frausto nor Giner had signed the witness attestation, which preceded the self-proving affidavit. The probate court asked Lopez whether Romo was present when Frausto and Giner signed the document, and Lopez answered, "No." The trial court then granted Castillo's motion for directed verdict.

Torres' counsel, who had informed the court at the outset of the trial that Torres would be calling eight witnesses, asked "to make a bill . . . on the issue with subscribing witnesses," but called only Regina Giner to testify. Giner testified that she had signed the 2006 Will in the presence of both Romo and the notary public. On cross-examination, Giner agreed that her signature was not on the witness attestation page and that she did not remember how many pages she had signed. Giner initially stated that she signed also in the presence of Maria Frausto, but immediately admitted that: "I don't know who's Maria Frausto, but some people was [sic] there, Mr. Romo, the notary. I don't know who is this lady. Maybe I know, but I don't know the name. … This lady, I don't know who – maybe she was there. I don't know."

Torres' counsel then informed the court he had no further questions "[o]n our bill." The trial court reaffirmed its ruling granting "directed verdict on the validity of" the 2006 Will. Torres' counsel did not seek to supplement the bill with the testimony of any of Torres' remaining witnesses, nor did he inform the probate court of the substance of their expected testimony. The

4

trial court subsequently issued an amended order setting aside the 2006 will as "null and void and of no cause and effect[.]" Torres appeals.[3]

## APPLICABLE LAW

We first turn to the relevant law to be applied in determining the validity of a will. To admit a will to probate, a trial court must find that it is valid. *In re Estate of Livingston*, 999 S.W.2d 874, 876 (Tex.App. – El Paso 1999, no pet.); *see also In re Estate of Arrington*, 365 S.W.3d 463, 466 (Tex.App. – Houston [1st Dist.] 2012, no pet.). To be admitted to probate, a will must comply with the statutory provisions governing the formalities to be observed during a will execution. *See Brown v. Traylor*, 210 S.W.3d 648, 684 (Tex.App. – Houston [1st Dist.] 2006, no pet.) (the proponent for the admission of a will to probate must establish that "the testator executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will"). A will not executed in accordance with the prescribed statutory requirements is of no force or effect. *In re Estate of Hutchins*, 829 S.W.2d 295, 299 (Tex.App. – Corpus Christi), *writ denied sub nom. Triestman v. Kilgore*, 838 S.W.2d 547 (Tex. 1992) (per curiam); *Belgarde v. Carter,* 146 S.W. 964, 965 (Tex.Civ.App. – San Antonio 1912, writ ref'd). Section 251.051 of the Texas Estates Code provides in relevant part that, except as otherwise provided by law, a last will and testament must be in writing, signed by the testator, and "attested by two or more credible witnesses who are at least 14 years of age and who subscribe their names to the will in their own handwriting *in the testator's presence*."[4] TEX. EST. CODE ANN. § 251.051 (West 2014) (emphasis

---

[3] Torres previously attempted to appeal the probate court's order setting aside the 2006 Will before the probate court admitted the 2001 Will to probate in December 2015. We dismissed Torres' first appeal for want of jurisdiction due to the lack of a final appealable order because Section 256.101(a) of the Texas Estates Code required the probate court to also determine the validity of the 2001 Will before the order setting aside the 2006 Will would be considered a final order for purposes of appeal. *In re Estate of Romo*, 469 S.W.3d 260, 263 (Tex.App. – El Paso 2015, no pet.).

[4] "[A]ttestation of a will is the act of witnessing the performance of the statutory requirements to a valid execution of

5

added).

The Texas Estates Code allows a will to be admitted to probate without the testimony of any subscribing witnesses if the testator and witnesses execute a self-proving affidavit or the will is simultaneously executed, attested, and made self-proved as provided by Section 251.1045. TEX. EST. CODE ANN. § 251.102(a) (West 2014). A self-proved will can be prima facie evidence that the will was properly executed. *See Guthrie v. Suiter*, 934 S.W.2d 820, 829 (Tex.App. – Houston [1st Dist.] 1996, no pet.); *see also Bracewell v. Bracewell,* 20 S.W.3d 14, 26 (Tex.App. – Houston [14th Dist.] 2000, no pet.). However, a self-proved will cannot otherwise be treated differently than a will that is not self-proved, and may be contested in the same manner as a will that is not self-proved. TEX. EST. CODE ANN. §§ 251.102(b), 251.106 (West 2014).

*Analysis*

Torres does not challenge the sufficiency of the evidence to support the trial court's ruling. Rather, Torres complains in Issue One that the trial court erred because it granted a directed verdict on the validity of the 2006 Will after the 2006 Will had already been admitted to probate, and because it did so during a trial that was being held to set aside the 2006 Will on the basis of testamentary incapacity and undue influence.

Section 256.204 of the Texas Estates Code specifically provides that a probated will may be contested provided the contest is filed not later than the second anniversary of the date the will was admitted to probate. TEX. EST. CODE ANN. § 256.204(a) (West 2014). Torres contends the 2006 Will was admitted to probate "three . . . years earlier[.]" However, the record on appeal shows the probate court issued its order admitting the 2006 Will to probate as a muniment of title

---

the will." *See Brown v. Traylor*, 210 S.W.3d 648, 661 (Tex.App. – Houston [1st Dist.] 2006, no pet.) (quoting *Zaruba v. Schumaker,* 178 S.W.2d 542, 543 (Tex.Civ.App. – Galveston 1944, no writ)).

on June 2, 2010, and Lorenzo's will contest was filed on April 12, 2011, less than two years after the 2006 Will was admitted to probate. Consequently, the contest of the 2006 Will was timely filed and was properly before the probate court.

Torres also complains that the probate court erred in finding the 2006 Will invalid on a basis other than the basis expressly raised in the will contest. While the purpose of the trial of the will contest was to determine whether the 2006 Will was invalid based on Romo's testamentary incapacity and as a result of undue influence, the trial court's determination that the 2006 Will was invalid for other reasons provides no basis for granting Torres relief, because only a valid will can be probated. *See In re Estate of Livingston*, 999 S.W.2d at 876; *Guthrie,* 934 S.W.2d at 829. Although not expressly stated, it is evident based on the record before us that the probate court determined from the evidence that both witnesses failed to subscribe their names to the attestation page of Romo's 2006 Will in Romo's presence as required for both a valid will and a self-proving affidavit. *See* TEX. EST. CODE ANN. § 251.051(3) (West 2014) (will must be attested by two or more credible witnesses who are at least 14 years of age and subscribe their names to will in their own handwriting in testator's presence); *see also id.* at §§ 251.104(e) (West 2014) (requiring self-proving affidavit to state that will was signed by testator in presence of witnesses); 251.1045 (West Supp. 2016) (same). Finding no error, we overrule Issue One.

In Issue Two, Torres complains the trial court erred in granting a directed verdict after hearing the testimony of only one of her eight witnesses who were present and ready to testify. Torres has failed to preserve this issue for our review. Torres did not seek to make an offer of proof of the testimony of any of her remaining witnesses, nor did she inform the probate court of the substance of their expected testimony. Lopez was the only witness Torres called during trial

7

of the will contest. When Torres sought to make an offer of proof, she called only one additional witness, Giner, and the trial court considered Giner's testimony in reaffirming its directed verdict. At that point, Torres did not inform the probate court that she wished to call any other witness for her offer of proof, nor did she attempt to show what testimony the other witnesses would have provided.

First, Torres failed to preserve error because she did not make a request at trial to present any additional testimony, nor did she complain to the trial court that she had additional witnesses who could present testimony relevant to the execution of the will. *See* TEX. R. APP. P. 33.1(a) (to preserve a complaint for appeal, a party must show, in part, that "the complaint was made to the trial court by a timely request, objection, or motion").

Second, to preserve a claim of error regarding a trial court's exclusion of evidence, the party must inform the trial court of the substance of that evidence by an offer of proof, unless the substance was apparent from the context. TEX. R. EVID. 103(a)(2); *see Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 334 (Tex.App. – Dallas 2008, no pet.) (to preserve error concerning exclusion of evidence, complaining party must actually offer evidence and secure adverse ruling). In the absence of an offer of proof, any error in excluding the testimony of the uncalled witnesses is not preserved for review. *See Katy Intern., Inc. v. Jinchun Jiang*, 451 S.W.3d 74, 96 (Tex.App. – Houston [14th Dist.] 2014, pet. denied); *Bobbora*, 255 S.W.3d at 334.

Even if we were able to discern from the record the general nature of the testimony of Torres' proposed witnesses, without an offer of proof, we are unable to determine whether the trial court's alleged exclusion of the evidence was harmful. To preserve error concerning the exclusion of evidence, the complaining party must actually offer the evidence and secure an

8

adverse ruling from the court. *Perez v. Lopez*, 74 S.W.3d 60, 66 (Tex.App. – El Paso 2002, no pet.); s*ee Johnson v. Garza,* 884 S.W.2d 831, 834 (Tex.App. – Austin 1994, writ denied). While the reviewing court may be able to discern from the record the nature of the evidence and the propriety of the trial court's ruling, without an offer of proof, we can never determine whether exclusion of the evidence was harmful. *See Perez*, 74 S.W.3d at 66-67; *see also In re A.M.,* 418 S.W.3d 830, 840 (Tex.App. – Dallas 2013, no pet.); *Anderson v. Higdon,* 695 S.W.2d 320, 325 (Tex.App. – Waco 1985, writ ref'd n.r.e.) (without an offer of proof of the excluded testimony, "there is nothing before the appellate court to show reversible error in the trial court's ruling"). Thus, when evidence is excluded by the trial court, the proponent of the evidence must preserve the evidence in the record in order to complain of the exclusion on appeal. TEX. R. EVID. 103(a)(2); *Perez*, 74 S.W.3d at 66; s*ee Weng Enterprises, Inc. v. Embassy World Travel, Inc.,* 837 S.W.2d 217, 221 (Tex.App. – Houston [1st Dist.] 1992, no writ).

Because Torres failed to request that the trial court allow her to offer additional proof and failed to make an offer of proof regarding the anticipated witness testimony, she has not preserved this issue for our consideration. Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


                                                  STEVEN L. HUGHES, Justice
November 3, 2016

Before McClure, C.J., Hughes, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment