

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00403-CV

———————————————

SHARLENE BAKER, Appellant

V.

FERRIER BUILDERS, INC., Appellee

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2021-005391-3

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

The trial court struck Defendant–Appellant Sharlene Baker's jury demand as untimely and, also because of untimeliness, struck her amended answer and counterclaim and her initial disclosures, the latter of which were filed 535 days after their due date. The trial court's striking Baker's disclosures meant that her late-disclosed witnesses could not testify at trial; she did not make an offer of proof or file a bill of exception concerning those witnesses. Following a bench trial, the trial court entered judgment in favor of Appellee Ferrier Builders, Inc., which had sued Baker to be compensated for work Ferrier had done in converting a commercial space into a hair salon for her business use.

Baker's two appellate issues argue that the trial court abused its discretion in making all those rulings. We will affirm.

## I. Background

With unfortunate timing given the looming COVID-19 pandemic, in late November 2019 Baker[1] contracted for Ferrier to renovate a commercial space on University Drive near downtown Fort Worth, which she planned to use as a high-end

---

[1]Both Baker and a former partner, Amanda Nguyen, signed the contract and formed a limited-liability company called The Mane Room Salon, LLC. Nguyen and The Mane Room were codefendants, but for reasons not pertinent here, the final judgment was against only Baker.

hair salon. The parties' agreement set the total contract price at a little over $136,000, with Baker to make periodic partial payments as work progressed.[2]

Baker failed to pay invoices dated February 11, 2020, March 3, 2020, and March 27, 2020, totaling $59,258. In addition, Ferrier was locked out of the property so that it could not make repairs relating to certain issues that Baker had raised and that Ferrier would otherwise have addressed.[3]

Ferrier eventually sent a demand letter for the unpaid amount in November 2020 and ultimately filed suit in September 2021. Baker filed a pro se answer on November 8, 2021, but did not timely serve initial disclosures as Rule 194.2(a) mandates, instead submitting them on May 26, 2023—535 days late, and 53 days after an April 4, 2023 trial setting was rescheduled for June 26, 2023.[4] *See* Tex. R. Civ. P. 194.2(a) (effective January 1, 2021, requiring a party to disclose certain information, including persons with knowledge of relevant facts, within 30 days after filing answer). In her late disclosures, Baker named Kyle Baker and Darlene Longbrake as persons having knowledge of relevant facts but did not include "a brief statement of each

---

[2]The contract had no specific or guaranteed completion date.

[3]At trial, Baker attributed to Ferrier issues she had with her shampoo bowls' installation, saying that they had been "plumbed backwards," but she did not offer any testimony from a plumber. Although Baker also testified that she had invoices showing payments she made to correct "purported construction defects" allegedly caused by Ferrier's work, she did not quantify those costs or produce those invoices.

[4]Baker did not have a lawyer until one entered an appearance for her on March 6, 2023. The next day, through counsel, Baker filed a jury demand.

identified person's connection with the case," *see* Tex. R. Civ. P. 194.2(b)(5), simply labeling them Baker's "representatives and relatives." Without seeking leave of court, Baker also filed an amended answer and counterclaim on March 28, 2023, nearly a month and a half after the trial court's February 17 scheduling-order deadline for amending pleadings. Ferrier objected to Baker's untimely jury demand, her late-filed disclosures, and her amended answer and counterclaim.

Before testimony began at the June 26, 2023 nonjury trial, the trial court struck Baker's counterclaim, her disclosures, and her jury demand, all as untimely. Baker testified in her case in chief, and Kyle—though precluded from testifying about Ferrier's performance under the contract because of the Rule 194.2(a) disclosure issue—was permitted to testify about a $5,000 check he had written to Ferrier dated March 13, 2020.[5] The trial court explained its view of Baker's unsatisfactory disclosure description, stating:

> To the extent [Kyle] wants to talk about payments that he made because of the check, I'll let you do that. But I don't think this is what the Supreme Court had in mind. I think it needs to be -- his connection with the case would have to be he worked with plaintiff, he was at the job site, he has knowledge of -- things of that nature. So, because he was

---

[5]Although Baker testified during Ferrier's case in chief that she did not see that $5,000 reflected in Ferrier's final invoice, Ferrier's general manager Heather Laminack explained that Ferrier's final cumulative invoice of March 27, 2020, had in fact applied that payment. Under the trial court's follow-up questioning, Laminack walked through Ferrier's invoices and explained how the difference between the March 3, 2020 invoice numbered 4589 and the March 27, 2020 invoice numbered 4590 took into account not only Kyle's $5,000 check—which referred to "# 4589"—but other of Baker's payments, ending up with a total due of $59,258 as of March 27.

mentioned with regard to the check, if you want to call him to talk about payments, I'll let you do that. But as for anything substantive beyond that, I don't think these responses are sufficient to put someone on notice that that's what he's going to testify about.

The trial court did not allow Longbrake to testify for the same reason, adding, "I think the identification of their connection with the case, and I look back and even from the 1999 changes require more specificity than just saying representatives and relatives of [defendant]." Baker did not make an offer of proof about what either Kyle's or Longbrake's testimony would have been, nor did she make a formal bill of exception. *See* Tex. R. Evid. 103(a)(2) (offer of proof); Tex. R. App. P. 33.2 (bill of exception).

The trial court entered a final judgment awarding Ferrier contract damages of $57,926 (based on Laminack's testimony about Baker's having made $1,332 in payments following the March 27, 2020 invoice), pre- and postjudgment interest, costs and expenses, and $23,053.39 in attorney's fees.[6]

No postjudgment motions were filed, and Baker timely appealed.

## II. Issues on Appeal

Baker's two issues are (1) whether the trial court erred by denying her jury demand and (2) whether the trial court improperly struck her counterclaim and disclosures, resulting in her "husband and mother . . . who had been involved in the construction of the salon" not being allowed to testify.

---

[6]The parties had agreed to address attorney's fees by submission following trial.

5

We will discuss Baker's issues in reverse order.

## III.    Standard of Review

We review a trial court's denying a jury demand, excluding evidence, and enforcing a scheduling order for an abuse of discretion. *See In re R.R.*, 676 S.W.3d 808, 815 (Tex. App.—Corpus Christi–Edinburg 2023, pet. denied) (applying abuse-of-discretion standard to denial of jury demand) (citing *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996)); *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015) (stating that trial court's rulings on admissibility of evidence are reviewed for abuse of discretion); *Jones v. Cortes*, No. 02-10-00304-CV, 2011 WL 4008021, at *4 (Tex. App.—Fort Worth Sept. 8, 2011, no pet.) (mem. op.) (applying abuse-of-discretion standard to enforcement of scheduling orders). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

We must uphold a trial court's discretionary ruling if the record shows any legitimate basis for it. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Tapia v. Collins Asset Grp., LLC*, No. 02-20-00129-CV, 2022 WL 325392, at *2 (Tex. App.—Fort Worth Feb. 3, 2022, no pet.) (mem. op.). We cannot conclude that a trial court abused its discretion merely because we would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

6

# IV. Issue Two

## A. Excluding Evidence; Preservation of Error

We start with Baker's complaint, as part of her second issue, that the trial court abused its discretion by not allowing her to put on testimony from her husband—except on one limited topic—and her mother based on the trial court's striking the late disclosures and its on-the-record holding that Baker's initial disclosures were deficient in any event.

A party that fails to make, amend, or supplement a discovery response in a timely manner—including a required disclosure such as under Rule 194.2(a)—may not offer the testimony of a nonparty witness who was not timely identified unless the trial court finds that (1) there was good cause for the failure to timely disclose or (2) the failure will not unfairly surprise or unfairly prejudice the other parties. Tex. R. Civ. P. 193.6(a), 194.2(a). "The party offering the undisclosed evidence has the burden to establish good cause or lack of surprise, which must be supported by the record." *Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 860 (Tex. App.—Dallas 2006, no pet.); *see also* Tex. R. Civ. P. 193.6(b). Determining whether a party has met this burden is within the trial court's "broad discretion." *Syrian Am. Oil Corp., S.A. v. Pecten Orient Co.*, 524 S.W.3d 350, 366 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

But an appellate court does not even reach the question of whether evidence was erroneously excluded unless the complaint has been preserved for review. *See McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185, 187 (Tex. 1984); *In re Est. of*

*Romo*, 503 S.W.3d 672, 678 (Tex. App.—El Paso 2016, no pet.); *Greenstein, Logan & Co. v. Burgess Mktg., Inc.*, 744 S.W.2d 170, 178 (Tex. App.—Waco 1987, writ denied). To challenge the trial court's exclusion of evidence, the complaining party must have presented that evidence to the trial court by offer of proof or bill of exception. Tex. R. Evid. 103(a)(2), (c); Tex. R. App. P. 33.2; *Langley v. Comm'n for Law. Discipline*, 191 S.W.3d 913, 915 (Tex. App.—Dallas 2006, no pet.) (concluding that appellant failed to preserve error when no offer of proof or bill of exception was made).

> Courts have described the nature and purpose of an offer of proof as follows:

> > An offer of proof consists of making the substance of the evidence known to the court and shall be made as soon as practicable after the ruling excluding the evidence. Rule 103(a), (b). The offer of proof allows a trial court to reconsider its ruling in light of the actual evidence. *Smith v. Smith*, 143 S.W.3d 206, 211 (Tex. App.—Waco 2004, no pet.). When there is no offer of proof made before the trial court, the party must introduce the excluded testimony into the record by a formal bill of exception. Rule 33.2; *Sw. Country Enters., Inc. v. Lucky Lady Oil Co.*, 991 S.W.2d 490, 494–95 (Tex. App.—Fort Worth 1999, pet. denied).

*In re Est. of Denton*, No. 11-10-00341-CV, 2012 WL 3063845, at \*3 (Tex. App.—Eastland July 26, 2012, no pet.) (mem. op.); *see also Sw. Country Enters.*, 991 S.W.2d at 494 (explaining that "Southwest did not identify for the trial court the content of the testimony it now complains was excluded" and that "[f]ailure to demonstrate the substance of the excluded evidence results in waiver").

Here, Baker did not make known to the trial court the substance of the excluded evidence by explaining what her husband or mother would have testified to. In colloquy with the trial court, Baker's counsel noted only that Ferrier was "aware

8

that [Kyle] was involved in the project at various times" and surmised that he was "likely to testify about the performance under the contract." As for Longbrake, Baker's counsel argued that an email in evidence, coupled with Ferrier's general manager's testimony, showed that Longbrake had gotten involved with the project in some unspecified way.[7]

We hold that these vague references to the excluded witnesses' involvement do not constitute an offer of proof. *See* Tex. R. Evid. 103(a)(2), (c). And, as noted, Baker did not preserve error by following the alternative procedure of making a formal bill of exception, either. Tex. R. App. P. 33.2; *Est. of Denton*, 2012 WL 3063845, at *3. Baker thus failed to preserve her appellate argument about whether the trial court abused its discretion in this regard. *See* Tex. R. App. P. 33.1(a)(1)(B), 33.2; Tex. R. Evid. 103(a)(2), (c).

## B. Striking Pleadings; Compliance with Scheduling Orders

Within her second issue, Baker also complains that the trial court abused its discretion by striking her counterclaim. We disagree.

A party must obtain leave of court to file an amended pleading after a scheduling-order deadline has passed. Civil Procedure Rule 63 allows a party to file

---

[7]Laminack testified that Longbrake had "c[o]me on the scene to try to help [Baker] and try to help find a path forward. And she had asked for an overview of what was unpaid and what was paid, what was remaining, and so [Laminack] attempted to provide that detail." Baker does not argue on appeal that Laminack had opened the door for Longbrake to testify.

amended pleadings without leave of court up to seven days before trial, but any pleadings "offered for filing . . . after such time as may be ordered by the judge under Rule 166[ ] shall be filed only after leave of the judge is obtained." Tex. R. Civ. P. 63; *see G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 542–43 (Tex. App.—Dallas 2005, no pet.) (noting that "the seven-day deadline does not apply when the trial court has entered a scheduling order pursuant to rule 166 setting a different deadline"); *Tex. Com. Bank Reagan v. Lebco Constructors, Inc.*, 865 S.W.2d 68, 78–79 (Tex. App.—Corpus Christi–Edinburg 1993, writ denied). A trial court does not abuse its discretion by refusing to permit a tardy amendment that is substantive and would change the nature of the trial. *See Chapin & Chapin, Inc. v. Tex. Sand & Gravel Co.*, 844 S.W.2d 664, 665 (Tex. 1992) (noting difference between a "formal, procedural" amendment, such as revising the amount of claimed damages to conform the pleadings to the evidence, and a "substantive" amendment, such as adding new affirmative defenses that "chang[ed] the bases of the defense" and "rather clearly changed the nature of the trial itself"); *Dunnagan v. Watson*, 204 S.W.3d 30, 37 (Tex. App.—Fort Worth 2006, pet. denied) (explaining that "the trial court has no discretion to refuse an amendment unless the opposing party presents evidence of surprise or prejudice or the amendment is prejudicial on its face because, for example, it asserts a new cause of action or defense" that reshapes the nature of the trial itself, could not have been anticipated in light of the case's prior development, and would detrimentally affect the opposing party's presentation of the case).

10

Here, the trial court's scheduling order set an amended-pleadings deadline of February 17, 2023, and after the April 2023 trial was rescheduled to June, no new scheduling order was entered. In its motion to strike Baker's untimely pleading, Ferrier noted that she sought to include several new affirmative defenses as well as a never-before-pleaded counterclaim and that the amendment operated as a surprise and was unduly prejudicial. Baker did not respond in writing to Ferrier's motion to strike, but at the beginning of trial she argued that no unfair surprise or undue prejudice existed and that her counterclaim was "effectively a counter breach-of-contract claim." Ferrier responded by noting that it had not had a chance to depose Baker, nor had she designated or disclosed any experts "to substantiate her position as far as the construction[-]defect aspect of her argument." Under these circumstances, we conclude that permitting Baker's counterclaim would have "changed the nature of the trial itself," and thus we cannot say that the trial court abused its discretion by striking it. We overrule Baker's second issue.

### V. Issue One

Baker's first issue involves her complaint about the trial court's striking her jury demand, which we review for abuse of discretion. *See R.R.*, 676 S.W.3d at 815. Assuming without deciding that the trial court abused its discretion in this respect, Baker still must show that the error was harmful. *See Rhyne*, 925 S.W.2d at 667. "The wrongful denial of a jury trial is harmful [only] when the case contains a question of material fact." *Caldwell v. Barnes*, 154 S.W.3d 93, 98 (Tex. 2004). "Stated another way, a

11

trial court's 'refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified.'" *Nelson v. Nelson*, No. 01-13-00816-CV, 2015 WL 1122918, at *3 (Tex. App.—Houston [1st Dist.] March 12, 2015, pet. denied) (mem. op.) (quoting *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991)). "The question then is whether there are disputed fact issues in this case upon which a jury could pass." *Id.*

Baker has not explained how she was harmed by not receiving a jury trial (and does not even refer to the requisite harmless-error analysis we must undertake). In any event, based on the trial court's discretionary rulings striking her amended pleading and disallowing testimony from her nonparty witnesses,[8] we conclude that no disputed facts existed for a jury to resolve and that an instructed verdict would have been justified. *See Jones-Hospod v. Hospod*, 676 S.W.3d 709, 720–21 (Tex. App.—El Paso 2023, no pet.) (holding no harmful error in striking jury demand where prior sanctions had barred appellant from introducing evidence not produced in discovery to support her claims at trial and thus no fact issues existed). We overrule Baker's first issue.

## VI. Conclusion

Having overruled both of Baker's issues, we affirm the trial court's judgment.

---

[8]And although not a focus on appeal, as we have noted, Baker had also not produced documents concerning remedial work to which she alluded at trial.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: August 22, 2024