# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-25-00307-CV

---

In re Donald Gene Bice

---

On appeal from the
County Court at Law of Bosque County, Texas
Judge Frank Griffin, presiding
Trial Court Cause No. P08668

---

JUSTICE HARRIS delivered the opinion of the Court.

### MEMORANDUM OPINION

At the conclusion of a jury trial on will contest, the jury answered "No" to the verdict question "[d]id the Decedent sign the Purported Will?". Following the verdict, the applicants of the will, two of the three daughters of the Decedent, moved for a judgment notwithstanding verdict or motion for a new trial. The trial court granted the proponents' motion. The husband of the decedent filed a petition for writ of mandamus. Because there is legally and factually sufficient evidence to support the jury's finding, we conditionally grant the petition for writ of mandamus and instruct the trial court to enter judgment on the jury's verdict.

## BACKGROUND

At the time of Lois Kathlyn Bice's ("Decedent") death on November 14, 2009, she was survived by her husband Donald Gene Bice ("Mr. Bice") and the three children shared by Decedent and Mr. Bice: Donna Bice Read, Diane Bice Hightower, and Darbie Bice Bowman (collectively the "Daughters"). Following Decedent's death, no will was located or probated. On August 27, 2010, Mr. Bice and the Daughters signed a notarized heirship affidavit stating that the Decedent died intestate and listing Mr. Bice as the Decedent's legal heir and next of kin. The heirship affidavit was recorded with the Bosque County Clerk on September 9, 2010.

Following Decedent's death, Mr. Bice continued to reside at a 170-acre tract of land where he and the Decedent resided prior to her death, understanding himself to be the sole owner of that tract of land and houses on the land (the "Property"). Two of the daughters, Diane Bice Hightower ("Hightower") and Donna Bice Read ("Read"), were living on the Property when the Daughters learned on or about September 2023 that Mr. Bice intended to sell the Property. Hightower received a notice of eviction addressed to Hightower and Read, dated March 21, 2024, and signed by Mr. Bice. On June 16, 2024, Mr. Bice entered a contract to sell the Property then

subsequently filed a petition for eviction, naming Hightower and Read, on July 2, 2024.

On or about June 26, 2024 and June 28, 2024, Darbie Bice Bowman ("Bowman") and Read (collectively the "Applicants") respectively filed an application to probate a purported will of the Decedent, filed the purported will of the Decedent, and filed a notice of *lis pendens* listing the Property. The purported will of the Decedent is dated January 2001 and includes a self-proving affidavit. This will contest ensued and was tried before a jury on April 22, 2025 through April 24, 2025.

At trial, Bowman represented the Applicants, consisting of herself and her sister Read. Mr. Bice, Hightower, and Read were the only three witnesses that testified at trial. Hightower testified that she found the purported will of the Decedent around January or February of 2024. She testified that she did not tell Read or Bowman that she found the purported will until approximately four months later on or about June 2024. No pictures were offered showing where the purported will was found. Hightower testified that she prepared both the purported 2001 will of the Decedent and an heirship affidavit following Decedent's death declaring that the Decedent died intestate.

At the conclusion of the trial, both the Applicants and contestant (Mr. Bice) submitted proposed jury charges to the court that included a jury question about whether the Decedent signed the purported will. The applicants did not object to the inclusion of Question No. 1 on the jury charge which read: "Did Decedent sign the Purported Will?". Because the jury answered "No" to Question No. 1, the jury returned the verdict answering no further questions.

Applicants moved for a judgment notwithstanding verdict and new trial, arguing in part that there was insufficient evidence to support the jury's finding as to Question No. 1 and that Mr. Bice did not prove that Decedent did not sign the purported will and attached self-proving affidavit. The trial court entered its Order Granting Proponents' Motion for Judgment Notwithstanding the Verdict and Motion for New Trial ("Order"). Mr. Bice filed his petition for writ of mandamus challenging the Order on two grounds: (1) that the Order fails to meet the standard for facial validity of a new trial order and (2) that the Order substitutes the trial court's judgment for that of the jury despite the legally and factually sufficient evidence to support the jury's finding. We agree and conditionally grant Mr. Bice's petition for writ of mandamus for the reasons herein.

## STANDARD OF REVIEW

A trial court may grant a new trial "for good cause," subject to mandamus review for clear abuse of discretion. *In re Space Expl. Techs. Corp.*, 716 S.W.3d 576, 581 (Tex. 2025). Trial courts have considerable discretion to grant new trials, but no court is free to simply substitute its judgment for that of the jury without a valid basis. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 210 (Tex. 2009). "Disregarding a jury's verdict is an unusually serious act that imperils a constitutional value of immense importance—the authority of a jury." *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 302 (Tex. 2023), reh'g denied (Sept. 29, 2023).

It is an abuse of discretion to grant a new trial if the order does not clearly identify "an understandable, reasonably specific explanation" for why a new trial is warranted. *Id*. at 299. Even if the trial court's new trial order conforms with the procedural requirements of providing such an explanation, a trial court's articulated reasons, upon a merits-based review, must be supported by the underlying record. *Id*. at 300 - 301.

## MERITS-BASED REVIEW DOES NOT SUPPORT NEW TRIAL ORDER

Here, the challenged Order lists roughly four explanations for the trial court's granting of a new trial: (1) the purported will with the attached self-

proving affidavit was admitted into evidence; (2) Bice did not object to the admission of the purported will and attached self-proving affidavit; (3) Mr. Bice produced no evidence that the signature on the purported will was not the Decedent's signature; and (4) Question No. 1 should not have been submitted to the jury because Mr. Bice offered no evidence that the Decedent did not sign the purported will.[1]

Without evaluating the facial validity of the Order and the explanations offered therein, we first turn to Mr. Bice's second issue on appeal. Upon a merits-based review of the record as a whole, there is legally and factually sufficient evidence to support the jury's finding that the Decedent did not sign the purported will.

### *Applicants had the burden of proving valid execution*

Before a will is admitted to probate, the will's proponent must establish that it was properly executed and that the testator had testamentary capacity at the time of execution. *Estate of Danford*, 550 S.W.3d 275 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The burden of proof and persuasion rests on the will's proponent. *Id.* at 281. Without objection, the

---

[1] We do not address the arguments that Question No. 1 should not have been submitted to the jury. Applicants not only failed to object to the inclusion of Question No. 1 in the jury charge, but the Applicants also tendered the same question and proposed that the determination of whether the Decedent signed the will was within the province of the jury. Jury charge error is not preserved when a party "waives, or invites, the alleged error by acquiescing to submitting a theory", and "a party waives claimed error in the charge when that party proposes to submit a substantially similar charge to the jury." *C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 785 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

instruction that the burden of proof is on the proponent (the Applicants) to establish the elements required for a valid will, even though the will has a self-proving affidavit, was explicitly listed in the jury charge. Here, the Applicants had the burden to prove that the purported 2001 will was validly executed, a fact contested by Mr. Bice.

While a self-proved will may serve as prima facie evidence that the will was properly executed, when a dispute exists "a self-proved will cannot otherwise be treated differently than a will that is not self-proved, and may be contested in the same manner as a will that is not self-proved." *In re Estate of Romo*, 503 S.W.3d 672, 677 (Tex. App.—El Paso 2016, no pet.) citing TEX. EST. CODE § 251.102. "A self-proved will may be contested, revoked, or amended by a codicil in the same manner as a will that is not self-proved." TEX. ESTATES CODE ANN. § 251.106.

A self-proving affidavit alone does not establish that a will is valid as a matter of law, especially when, like here, evidence was presented rebutting and countering the prima facie presumption of validity. *Matter of Estate of Hogan*, No. 11-20-00170-CV, 2022 WL 2070331, at *4 (Tex. App.—Eastland June 9, 2022, no pet.) A self-proving affidavit does not remove the factual determination of validity from the province of the jury. Self-proving provisions have only the effect of authorizing the substitution of affidavits in

lieu of testimony offered before the court. *Reynolds v. Park*, 485 S.W.2d 807, 816 (Tex. App.—Amarillo 1972, writ ref'd n.r.e.). It is within the jury's purview to weigh the credibility of testimony, including those sworn statements contained in affidavits. *City of Keller v. Wilson*, 168 S.W.3d 802, 819-21 (Tex. 2005). When evidence conflicts, the jury's role is to evaluate the credibility of the witnesses and reconcile any inconsistencies, and as a general proposition, the jury may believe all or any part of the testimony of any witness and disregard all or any part of the testimony of any witness. *Id.*

At trial, Mr. Bice elicited testimony and evidence that attacked the credibility of the purported will and the attached self-proving affidavit as well as the credibility of the Applicants' witnesses. Mr. Bice argued and pointed to suspicions surrounding the purported will to show that Decedent did not sign the will and that the will was invalid, contradicting and raising a fact issue regarding the execution and validity of the purported will.

### *Sufficient Evidence Supports the Jury's Verdict*

Because a factual issue existed regarding the execution and validity of the purported will, we turn to a review of the sufficiency of the evidence supporting the jury's verdict. When a party with the burden of proof challenges an adverse finding, that party must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the

issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). In reviewing a "matter of law" challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Id*. If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id*. The point of error should be sustained only if the contrary proposition is conclusively established. *Id*. In reviewing a factual-sufficiency challenge to a jury finding on an issue on which the appellant had the burden of proof, the appellant must show that "the adverse finding is against the great weight and preponderance of the evidence." *Id*. at 242. Evidence is viewed in the light most favorable to the verdict. *Estate of Curry*, No. 10-23-00207-CV, 2025 WL 2473024, at *3 (Tex. App.—Waco Aug. 28, 2025, no pet. h.). The jury's verdict will be set aside only if the evidence that supports the finding is so weak as to be clearly wrong and manifestly unjust. *Id*.

Review of the record shows that the evidence in support of the jury's verdict was neither weak nor so slight to allow us to conclude that the purported will was signed by the Decedent as a matter of law. The jury heard evidence that Hightower had no record of preparing the purported will, that none of the Daughters were able to locate the purported will for fourteen

years, that Hightower had no photos of where the purported will was discovered, and that all the Daughters signed an heirship affidavit asserting that the Decedent died without a will. Mr. Bice also presented evidence to the jury regarding the timing and potential monetary motive of probating the purported will. Specifically, the purported will was first filed after Mr. Bice entered a sales contract for the Property valued at over a million dollars, and the Daughters would be entitled to some portion of the Property or proceeds from the sale of the Property under the purported will.

The above-listed, non-exhaustive recitation of evidence makes clear that there is sufficient evidence for the jury to conclude that the will was not signed. Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 820 (Tex. 2005). Not only is it unnecessary to have testimony from both parties, but also juries may choose to believe one witness and disbelieve another, even if the testimony is uncontradicted. *Id.* A reviewing court may assume a jury disregarded some testimony in favor of their verdict, and reviewing courts cannot impose their own opinions to the contrary when a jury acted reasonably within their discretion. *Id.* In the present case, there is sufficient evidence that a reasonable jury, in their sole discretion, could have concluded that the Decedent did not sign the purported will.

We find that the reasons articulated in the Order for granting a new trial are not supported by the record.

## CONCLUSION

Upon a merits-based analysis of the Order and record, we conclude there is legally and factually sufficient evidence to support the jury's verdict. Because the Order is therefore substantively invalid, we need not address the facial validity of the Order. As such, we conditionally grant the petition for writ of mandamus and instruct the trial court to enter judgment on the jury's verdict.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED: November 20, 2025

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Conditionally granted
CV06

